Wanamaker, J.
Manifestly the first question before this court is one relating to the jurisdiction of the probate court under the constitution and laws of Ohio touching trust estates.
Section 8, 'Article IV of the Constitution of Ohio, reads:
“The probate court shall have jurisdiction in probate and testamentary matters,- the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county or counties, as may be provided by law.”
It is admitted that the subject-matter in question relates to “testamentary matters.” It must likewise be admitted that this jurisdiction is conferred on probate courts directly and expressly by the constitution.
Section 7 of the same article of the constitution further provides:
“There shall be established in each county, a probate court, which shall be a court of record,” etc.
*335 The words “testamentary matters” are without limitation. They are as broad and comprehensive as is possible in all trust estates, created by will.
Various statutes have been enacted by the general assembly touching the question of procedure and practice in “testamentary matters.” The particular statute involved in this, case, and which is largely decisive of the questions herein submitted, is Section 10591, General Code, which reads as follows:
“Every trustee appointed in a will, before entering upon his duty as such, must execute a, bond with freehold sureties, payable to the state, in the probate court of the county in which such will is admitted to probate, to the satisfaction of the court, conditioned for the faithful discharge of his duties as trustee; except that, when by the terms of a will, the testator expresses a wish that his trustee may execute the trust without giving bond, the court admitting the will to probate, may grant permission to the trustee to execute the trust with or without bond. When granted without bond, at any subsequent period, upon the application of a party interested, the court may require bond to be given; and, upon the application of an interested party, if deemed necessary, require a new or additional bond at any time before the completion of the trust.”'
It is conceded that the trustees made the application for a new bond under this section of the statute.
Did the trustees under ■ the statute have such right ?
*336 Are they “an interested party?”
Clearly the trustees had the legal title to the trust estate, the beneficiaries the equitable title, and to hold that the person having the legal title is not an interested party would be an exceedingly technical, strained construction of the broad, omnibus words “an interested party.”
We hold that the trustees were not only an interested party but a very proper party to make such application.
True, the primary purpose of such bond is protection to the trust fund created by will. It is likewise true that protection should not exceed the proper bounds of common sense and reason, either as to its nature or its expense. The safeguarding of the fund, not only by constitutional grant of power but by statutory provision, is left wholly in the discretion of the probate court, and its jurisdiction in this behalf is as comprehensive as any jurisdiction conferred on a court of common pleas in' suits at law or in- chancery.
If the language “a new or additional bond” does not include exactly what was done in this case, it surely would be difficult to use language sufficiently broad and direct to express such inclusion.
, Potential questions of law are distinguishable from mere quibbles in language. Surely a . statute that provided for fiduciary bonds to meet changes in the financial responsibility of the obligors of the bond, the terms of the bpnd, the amount of security necessary to adequately protect the trust estate, and no more, or that permitted a court to cancel bonds in whole or in part as the trust fund should be ad *337 ministered, would be highly desirable, and if a statute permitted of such construction, and this one surely does, the court would be derelict in its duty in failing to give it such reasonable and liberal construction as the common sense and common justice of the case, no less than the particular statute providing liberal construction, expressly require.
A further presumption of law clearly obtains in this case — that the bond executed did not give any perpetual rights to the obligor, entirely free from the jurisdiction and powers of the probate court to from time to time alter or discharge such bond. The bond itself must have written into it the constitution and the laws touching “testamentary matters.”
The probate court, under both the constitution and the statute, had full and plenary power to deal with these testamentary matters, and, while its action may have been subject to appeal or review, no appeal or review was sought touching the action on the bond. The probate court’s action in that behalf was therefore final and conclusive, as shown by this record.
It is unnecessary to consider the other questions raised in the case.

Judgment of the court of appeals affirmed.

Nichols, C. J., Jones, Johnson and Donahue, JJ., concur.